McKinney, J.,
delivered the opinion of the Court.
This was an action of debt, founded on .a promissory note for $1200.00, purporting to have been made by the firm of Douglass & Witherspoon, payable to A. J. Montgomery, and by him endorsed to the plaintiff. This suit is against Douglass alone. The defendant pleaded: First, nil debet; and, secondly, a plea in the nature of non est factum. Judgment was for the defendant, and the plaintiff prosecuted an appeal in error.
The proof establishes, ■ that the note was made by Witherspoon, in the absence of Douglass, and without his knowledge; that the consideration of the note was $1200.00, in money, borrowed on the credit, and applied to the use of said firm, which was composed of the defendant and Witherspoon. The loan was really made, and the money advanced by the plaintiff, through her agent. At the time of the loan and the execution of said note, a verbal agreement was made, that interest at the rate of two and a half per cent, per month should he paid on the amount of the note; hut the note was taken only for the amount of money actually advanced to Witherspoon.
The Court instructed the jury, that the verbal agreement of Witherspoon with the plaintiff, in -the absence, and without the knowledge of his co-partner, the defendant, to pay two and a half per cent, per month, for *378 the use of the $51200.00, made the whole contract illegal and void; and the plaintiff could not, therefore, recover on the note against Douglass.
This instruction, we think, is erroneous. The case of Hutchins v. Turner, 8 Hum., 415, does not sustain the charge. In that case, the usurious interest agreed on was incorporated in, and formed part of the nominal amount of. the note sued on. Such is not the present case. Here, the note was for the actual amount of the loan. And, inasmuch as, bj our law, the effect of usury is only to avoid the contract to the extent of the excess beyond the legal rate of interest, it follows’, that there can be no valid objection to a recovery on the note. The collateral, independent, verbal agreement, for usurious interest on the loan, does not, in any way, affect the validity of the note. This latter agreement, though illegal and void, is, in legal contemplation, separate and distinct from the contract evidenced by the note. The case, therefore, is wholly unlike the case of Hutchins v. Turner. In the one case, the note itself was tainted with usury; in the other, the note is free from any such taint.
As regards the competency of Montgomery, the payee and endorser of the note; for anything appearing in the record before us, we perceive no objection to his competency. 2 Greenl. Ev., sec. 207.
Judgment reversed.